NO. 07-05-0398-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 6, 2006


______________________________



TERRY WAYNE STEWART,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee


 _________________________________



FROM THE 251st DISTRICT COURT OF POTTER COUNTY;



NO. 33,132-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Terry Wayne Stewart appeals from the trial court's denial of his petition for "bill of
review." The clerk's record was due to be filed on December 5, 2005. On December 13,
2005, the clerk filed her first extension request to file the record because appellant has not
paid or made arrangements to pay for the record and no attorney has been appointed on
appeal.

 Accordingly, we abate this appeal and remand the cause to the 251st District Court
of Potter County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. whether appellant desires to prosecute the appeal; and,


 2. whether appellant is indigent and entitled to appointed counsel and a
free record on appeal. 


 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record and reporter's record transcribing the hearing with the clerk of this court on or before
February 6, 2006. Should further time be needed by the trial court to perform these tasks,
then same must be requested before February 6, 2006.

 It is so ordered.

 Per Curiam

Do not publish.



.10. Id. As a result, we conclude that modifying the date in the enhancement
paragraph here does not implicate art. 28.10 and, therefore, the trial court did not violate
the terms of that provision. Id.

 Accordingly, we affirm the judgment.

 

 Brian Quinn 

 Chief Justice 

Do not publish.